IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLEN NEIGHBORS,

    Plaintiff,                       No. CIV S-06-1608 LKK DAD P

    vs.

RHONDA HOLTORF, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Here, plaintiff contends that his rights under the First and Fourteenth Amendments, the California Code of Regulations, and the California Constitution were violated when defendants reviewed and denied his inmate appeals.  Specifically, plaintiff alleges that he submitted an inmate grievance concerning defendant Holtorf, the mailroom supervisor at Mule Creek State Prison (MCSP) who allegedly ordered a search of plaintiff's cell.  According to plaintiff, in violation of Title 15, section 3084.5(e) of the California Code of Regulations[1], defendant Holtorf conducted the informal level of review and was involved at the first-level of review.  Plaintiff informed defendant Holtorf that the regulations prohibited defendant from

---

[1] 15 CCR § 3084.5(e) provides:
Appeal review.  Formal appeals shall not be reviewed by a staff person who participated in the event or decision being appealed, or who is of lower administrative rank than any participating staff, or who participated in review of a lower level appeal refiled at a higher level.

1  being a reviewer and a respondent to the 602 grievance.  Defendant Holtorf told plaintiff that it

2  was not his place to instruct staff what they can and cannot do and that she would remain as the

3  reviewer if she wished to do so.  On January 5, 2006, the response to the grievance at the first

4  level was authored by defendant Holtorf and co-signed by defendant Bunnell, the Associate

5  Warden at MCSP.  The appeal was denied with the following summary:

> You were interviewed December 16, 2005, regarding this appeal. Mailroom Operational Procedure MC4-54010 states that Indigent inmates can request on an as needed basis up to 5 one-once [sic] letters (5 indigent envelopes per week).  MCSP has added an additional large legal envelope and 10 pieces of paper for indigent inmates to correspond with courts and attorneys.  These envelopes are to be used the week they are issued.  The indigent envelopes are non-transferable and are not to be accumulated.  The issue regarding indigent envelpes [sic] was addressed in a previous 602 dated November 15, 2005.  The mailroom cannot substantiate your allegation of a cell search.  Please request copies from the correctional staff who can substantiate your claim.

13  (Compl., Ex. A, at 4.)  At the second and third levels of review, defendants Knoetzsch, Reyes,

14  Porter and Campbell also denied plaintiff's appeals knowing that defendant Holtorf was involved

15  in the earlier review.  Therefore, these defendants are named in this action because they were

16  "deliberately indifferent" about violating the regulations, the California Constitution and the First

17  and Fourteenth Amendments of the U.S. Constitution.

18      The court finds that plaintiff has failed to state a cognizable federal claim.

19  "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."

20  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640

21  (9th Cir. 1988)).  This includes regulations concerning who may review inmate grievances.

22  Thus, the court will recommend that plaintiff's civil rights claim under 42 U.S.C. § 1983 be

23  dismissed.

> Pursuant to 28 U.S.C. § 1367(a),
>
> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

However, the district court may decline to exercise supplemental jurisdiction over a claim "if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As indicated above, the court will recommend that the claim over which it has original jurisdiction be dismissed. Therefore, the court will also recommends that plaintiff's state law claims be dismissed without prejudice to their refiling in state court.[2]

On July 20, 2006, plaintiff filed a motion for leave to proceed in forma pauperis. The motion should be denied because this civil rights action fails to state a civil rights claim upon which relief may be granted in this court. See 28 U.S.C. § 1915(e)(2).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a cognizable claim under 42 U.S.C. § 1983;

2. Plaintiff's state law claims be dismissed without prejudice to their refiling in state court; and

3. Plaintiff's July 20, 2006 motion to proceed in forma pauperis be denied. See 28 U.S.C. § 1915(e)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////

/////

---

[2] Should plaintiff decide to proceed in state court, he should not include a claim alleging violation of the U.S. Constitution.

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2  F.2d 1153 (9th Cir. 1991).
3  DATED: March 22, 2007.

_/s/ Dale A. Drozd_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:4
   neig1608.56